## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9310 | **DATE** | 10/20/2003 |
| **CASE TITLE** | Santos vs. Boeing Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion, defendant's motion for additional time to depose the plaintiff is granted, defendant's motion to compel production of mental health information is denied and defendant's motion to compel production of tax records is granted. Defendant's motion to for an extension of time answer, move or otherwise plead to the plaintiff's second amended complaint is granted. Defendant is now given until 10/30/03 to answer, move or otherwise plead to the plaintiff's second amended complaint. Status hearing set for 11/04/03 to stand.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 2 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 36 |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | 03 OCT 20 PM 3:26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL SANTOS,  )
 )
        Plaintiff,  )
 )
v.  ) No. 02 C 9310
 )
THE BOEING COMPANY,  )
 )
        Defendant.  )

DOCKETED
OCT 21 2003

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendant The Boeing Company's ("Boeing") motion for additional time to depose Plaintiff Michael Santos ("Santos"), Boeing's motion to file a reply to Santos' answer to Boeing's motion for additional time to depose Santos, Boeing's motion to compel production of Santos' mental health information, Boeing's motion to compel production of Santos' tax information, and Boeing's motion for an extension of time to answer or otherwise plead to Santos' second amended complaint. As an initial matter Boeing claims that it inadvertently failed to file its reply relating to its motion for additional time to depose Santos and we grant the motion asking to file a reply and will refer to Exhibit A which is the proposed reply. We also grant Boeing's motion for an extension of time to answer or otherwise plead to Santos' second amended complaint and Boeing is required to answer or otherwise plead by October 20, 2003.

1

36

I. Motion for Additional Time to Depose Santos

Pursuant to Federal Rule of Civil Procedure 30(d) "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d). Boeing claims that thus far, over the course of two days, Santos has been deposed for six hours and thirty minutes and asks that we grant an additional seven hours to depose Santos. Santos argues that Boeing has not shown good cause to justify additional time to depose Santos. One reason specified by Boeing for the request of additional time is the fact that Santos allegedly admitted that he lied on his employment application at Boeing. Boeing contends that it needs to delve further into that issue with Santos. Boeing also complains that it has been unable to complete its deposition inquiry because Santos has thus far delayed the proceedings by providing lengthy narratives in response to short questions. We will allow Boeing some additional time to depose Santos, but we find that seven additional hours would be excessive. Boeing has already deposed Santos for almost seven hours. Boeing should be able to complete the deposition within two additional hours. We are not ruling that Boeing may proceed with an additional half hour of the deposition until its seven hour limit and then continue for an additional two hours. Boeing will be allowed to depose Santos for two additional hours from this point onward. If after the additional two hours Boeing feels that Santos was purposefully trying to delay the deposition, Boeing may again request additional time to depose Santos and we will grant additional time if we find it appropriate.

II. Motion to Compel Production of Mental Health Information

Boeing asks this court to compel Santos to produce the "records of psychiatrists, psychologists, or therapists who treated Plaintiff from September 2001 through the present." Boeing states that on March 6, 2003, Santos sent a letter to the EEOC and stated that

he saw a psychologist because he "could not sleep at night" and his "eating patterns had also diminished." Boeing argues that by seeking damages for emotional distress Santos has put his state of mind at issue and that Boeing is therefore entitled to Santos' mental health records. We disagree and note that Boeing has not cited any controlling authority to support its contentions. Santos states that he is only seeking recovery for a garden variety type of emotional distress and is not seeking damages for any psychological injuries. The fact that Santos seeks damages for emotional distress does not in itself justify allowing Boeing to pry into Santos' mental health records.

Santos' records are also protected by the psychotherapist-patient privilege which is recognized by federal law. *Jaffe v. Redmond*, 116 S.Ct. 1923, 1928-29 (1996). We note however, that we shall hold Santos to his representation in his answer that he is only seeking damages for the garden variety type of emotional distress. Thus he will not be allowed later to claim that his emotional distress was not the garden variety type. Nor will Santos be allowed to try and prove emotional distress damages by referring to symptoms that the psychologists treated, or be allowed in any other manner to make the findings of the psychologists a relevant matter in this case. *See Saket v. American Airlines, Inc.*, 2003 WL 685385, *1 (N.D. Ill. 2003)(stating that a plaintiff waives his psychotherapist-patient privilege and is required to produce mental health records if he "injects" into the case his treatment or his symptoms); *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531-32 (N.D. Ill. 1999 )(stating that a plaintiff does not waive his psychotherapist-patient privilege "merely by asserting a claim for emotional distress," but a waiver could occur if the plaintiff puts his treatment at issue in his case). Therefore, we deny the motion to compel Santos' mental health records.

III. Motion to Compel Production of Tax Records

Boeing asks this court to compel Santos to produce his state and federal tax returns for 1995 through 2001. According to Boeing, Santos admitted during his deposition that he lied on his employment application. Boeing contends that the tax records are necessary in order to determine where Santos worked in the years prior to his employment with Boeing. Santos argues that the request is excessive and that his tax returns for the past six years are not relevant. Santos also argues that since he has already admitted to lying on his employment application, Boeing does not need additional evidence. Finally, Santos also argues that Boeing can determine Santos' past employment by other means. We disagree. The request for the tax returns is reasonable because they may contain relevant evidence and it is not excessive to request Santos' tax returns for the past six years. Therefore, we grant Boeing's motion to compel the production of Santos' tax returns.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: OCT. 20, 2003

4