Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9310 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Santos vs. Boeing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 09/14/04 at 9:00 a.m. to set a trial schedule. For the reasons stated in the attached memorandum opinion, the Court hereby grants in part and denies in part defendant's motion for summary judgment. In the event the parties believe a settlement conference with this Court would be useful, the parties are instructed to contact this Court's Courtroom Deputy. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. Memorandum opinion distributed in open Court. | | docketing deputy initials | 91 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL SANTOS, )
)
       Plaintiff, )
)
v. ) No. 02 C 9310
)
THE BOEING COMPANY, )
)
       Defendant. )

DOCKETED
SEP 0 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant The Boeing Company's ("Boeing") motion for summary judgment. For the reasons stated below, we grant the motion in part and deny the motion in part.

## BACKGROUND

Plaintiff Michael Santos ("Santos") worked for Boeing as a Mailroom Specialist in its Chicago, Illinois office between September 17, 2001, and October 21, 2002. Steve Richards ("Richards") was the direct supervisor for Santos and one of Santos' co-workers was Bob Delelio ("Delelio"). Santos alleges that Richards and Delelio made comments regarding his racial and national origin. Santos

1

complained about the comments to Boeing supervisors and Santos claims that Boeing retaliated against Santos by demoting him from the lead mailroom position and taking away his office. Santos also claims that Boeing ultimately terminated him because of his race and national origin.

In addition, Santos claims that Boeing failed to protect its employees, including Santos, from the alleged fits of rage by Delelio at work. Santos claims that Delelio threw items across the mailroom, kicked furniture, and screamed and shouted at Santos and other co-workers. Santos claims that he informed Richards that he feared for his physical safety around Delelio, but Richards ignored Santos' complaints. In December of 2001, Santos complained about Delelio's alleged tantrums to Dave Komendat ("Komendat"), Boeing's Director of Security. Santos claims that Komendat assured Santos that he would investigate the matter, but that Boeing did not conduct any investigation. Around January 15, 2002, Santos once again reported Delelio's conduct after Delelio became enraged and began yelling at Santos. Santos claims that Delelio received a telephone call, apparently regarding Santos' complaint, and after Delelio hung up the telephone, he yelled at Santos and turned and allegedly grabbed for a box cutter. Santos claims that he feared that Delelio would use the knife to harm him and ran out of the mailroom.

Santos' second amended complaint contains a hostile work environment claim alleging violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count I), a race discrimination claim alleging violations of 42 U.S.C.§ 1981 ("Section 1981")(Count

II), Title VII retaliation claims (Counts III, IX, and X), Section 1981 retaliation claims (Counts IV and V), a Fair Labor Standards Act ("FLSA") claim, 29 U.S.C.§ 201 *et seq.* (Count VI), a negligent retention claim (Count VII), and a Title VII race and national origin claim (Count VIII). On May 10, 2004, we granted Boeing's motion to dismiss the negligent retention claim (Count VII).

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for

summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Title VII Discrimination Claim

Boeing is seeking summary judgment on the Title VII race and national origin discrimination claims. If an employer in a Title VII discrimination case brings a motion for summary judgment, the plaintiff can proceed under the direct or indirect method of proof in order to defeat the motion. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Santos argues that he can proceed under either the direct or indirect method of proof.

#### A. Direct Method of Proof

Under the direct method of proof, the plaintiff can show through direct or

circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as [his] race or national origin." *Id.* However, a plaintiff cannot proceed under the direct method by merely pointing to evidence that allows for an inference of discrimination. *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997). Rather a plaintiff is required under the direct method to point to "enough evidence, whether direct or, more commonly . . . circumstantial, to create a triable issue of whether the adverse employment action of which he complains had a discriminatory motivation--whether he was fired, or denied a promotion, or not hired, or paid less, because of the racial or other protected group to which he belongs." *Id.*; *See also Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 612 (7th Cir. 2001)(stating that evidence to proceed under the direct method of proof is usually a "smoking gun" remark by a supervisor or some overt act of discrimination); *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000)(stating that under the direct method of proof a plaintiff generally must point to overt "smoking gun remarks indicating intentional discrimination. . . ."). A plaintiff cannot proceed under the direct method based on comments made long before the alleged adverse employment action or on comments "made by individuals who had no involvement or influence over the decision making process that led to" the plaintiff's termination. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1066 (7th Cir. 2003).

Santos argues that the evidence indicating that Richards and Komendat made

derogatory comments about Santos' race and national origin is sufficient to support the direct method of proof. We disagree. Such evidence is not in itself sufficient to create a triable issue that would warrant proceeding to trial. Santos also claims that Richards told Santos that he was hired to meet the minority quota. However, Santos suffered no adverse employment action in this regard and even if the statement was true, it does not necessarily indicate discrimination to the extent necessary under the direct method of proof. Therefore, we conclude that Santos cannot proceed under the direct method of proof.

### B. Indirect Method of Proof

Santos argues that he can also proceed under the indirect method of proof. Under the indirect method of proof the plaintiff must establish a *prima facie* case which will allow an inference of discrimination. *Pafford*, 148 F.3d at 665. To establish a *prima facie* case of discrimination a plaintiff must show: "(1) that [h]e was a member of a protected class; (2) that [h]e was performing h[is] job satisfactorily; (3) that [h]e experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). If a *prima facie* case is established then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such

6

a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.*

Santos has pointed to similarly situated employees treated more favorably and to adverse employment actions taken against him. Boeing argues that Santos has not shown that he was performing his job satisfactorily during the period in question. Santos received two employee corrective action memorandums ("CAM") for deficiencies in his work. However, Santos contends that the CAMs were part of the discrimination against him. Boeing claims that Santos admits to criticizing the performance of his co-workers. Boeing argues that Santos was not performing his job satisfactorily because he did not get along with his co-workers and made derogatory comments about his co-workers. However, according to Boeing's own statement of facts the animosities in the mail room were not solely the doing of Santos. Boeing acknowledges in its own statement of facts that all the workers in the mail room were having difficulties working together because of personal animosities. (SF 26, 27, 38, 39).

Boeing also claims that Santos told lies about his co-workers and Boeing cites in support of its assertion statement of facts number 45 and 46. However, those facts fails to show a lie on Santos' part and, to the extent that they indicate possible deception, there is a genuine issue of fact as to the veracity of the facts alleged by Boeing. Boeing also argues that when Santos was given his first CAM, Santos refused to take responsibility for his conduct. However, such a conclusion is based

about Santos and that she did not recall any specific complaints about other workers, such allegations are hardly the type of definitive statements that would resolve the issue. Boeing cites to the deposition transcript of Gale Andrews ("Andrews") to support its assertion that customers complained about Santos. However, in the cited portion, Andrews indicated that Santos' co-workers complained about him. In regards to other vague references to complaints from "other people" about Santos, Andrews offers little more than what she claims to have heard as a rumor passed on to her second or third hand. Andrews offers no concrete evidence that would indicate that there were complaints about Santos from customers or that the complaints were legitimate or that Santos was the only employee being complained about by others. We find that Boeing has not provided sufficient evidence that Santos was not performing his job satisfactorily.

Although, we find that Santos has established his *prima facie* case, Santos has not pointed to sufficient evidence on the pretext issue to defeat the motion for summary judgment. Santos has pointed to evidence of some remarks by his supervisors regarding his race and national origin. Boeing issued two CAMs to Santos illustrating what Boeing perceived as his work deficiencies. Boeing also has pointed to evidence of the perceptions by Santos' co-workers and supervisors regarding Santos' behavior and work performance. Boeing has provided legitimate non-discriminatory reasons for its actions against Santos. We need not address whether the contentions in the CAMs were accurate because the pretext analysis is

9

upon Boeing's interpretation of the facts. Santos clearly contends that he did not believe that either of the CAMs were justified. We will not draw inferences in favor of Boeing, the non-movant, and cannot conclude that simply because Santos challenged the issuance of a CAM that he was disrespectful or did not acknowledge the admonitions made in the CAM or indicated that he would not comply with the CAM. Boeing contends that after Santos received his CAM, Boeing received numerous complaints from Santos' co-workers and customers. Santos admits that there were numerous complaints from management and his co-workers indicating that Santos was difficult to work with and that Santos was working too slowly. ( R SF 82). However, there is evidence indicating that there were personal disputes with various employees at Boeing and Boeing has not presented any evidence which would indicate that Santos was the only employee complained about by his co-workers. Santos denies that there were complaints from customers specifically about him. Santos argues that the customer complaints were made against the mail room department in general. Komendat stated in his deposition on the transcript page cited by Santos that Komendat received complaints, but that the complaints were general complaints about the mailroom. Boeing has not responded to Santos' citation to to the transcript to explain a contrary interpretation for the evidence cited by Santos. Patricia Johnson testified at her deposition that there were various complaints from customers regarding the mailroom. (Johnson Dep. 89). Although Johnson indicated that she recalled that "a couple" of complaints were specifically
8

solely concerned with whether there was an intent to discriminate and the given reason is a pretext. It is not dispositive whether or not the employer's given reason eventually proves to be accurate or sound. *Grube v. Lau Industries, Inc.*, 257 F.3d 723, 730 (7th Cir. 2001). The plaintiff must point to sufficient evidence that the employer lied. *Id.* Santos has failed to do so in the instant action. Therefore, we grant Boeing's motion for summary judgment on the Title VII discrimination claim.

## II. Title VII Retaliation Claim

Boeing seeks summary judgment on the Title VII retaliation claim. A plaintiff can establish a *prima facie* case for retaliation under the direct or indirect method of proof. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003). Under the direct method a plaintiff must "show that he engaged in statutorily protected activity, that [the defendant] subjected him to an adverse employment action, and that the two events had a causal connection." *Lang v. Illinois Dept. of Children and Family Services*, 361 F.3d 416, 418-19 (7th Cir. 2004). A plaintiff can establish a *prima facie* case under the indirect method by showing that: 1) he engaged in protected activity, 2) his job performance met the legitimate expectations of his employer, 3) his employer took a materially adverse employment action against him, and 4) he was treated less favorably than similarly situated employees that did not engage in the protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002)(citing *Stone v. City of Indianapolis Pub. Utils. Div.*

*Div.*, 281 F.3d 640, 644 (7th Cir. 2002)). If a plaintiff establishes a *prima facie* case then the burden shifts to the defendant to produce a legitimate non-discriminatory reason and if one is produced, the burden shifts back to the plaintiff to show that the given reason is a pretext for discrimination. *Id.*

Santos claims that he was issued a CAM and eventually terminated in retaliation for filing his Equal Employment Opportunity Commission ("EEOC") charge. Santos also claims that after he filed his EEOC complaint, his job assignment was changed and his workload was increased in retaliation for the complaint. Boeing argues only that Santos was not performing his job satisfactorily and does not argue that Santos failed to meet any of the other requirements for his retaliation claim. For the same reasons stated above we find that Boeing has not pointed to sufficient evidence that Santos was not performing his job satisfactorily. However, unlike the Title VII discrimination claim, Santos has pointed to sufficient evidence for a reasonable trier of fact to find that the given reasons for employment actions by Boeing were a pretext for retaliation. Santos claims that when he discussed filing a complaint with the EEOC Andrews told him: "Don't expect anyone to be nice to you if you go to the EEOC. . . [and] [d]o not think there is not a price to pay for going to the EEOC." (SAF 50). Santos also claims that he spoke with Millie Weaver after filing the EEOC complaint, that Weaver told him that she would not speak to Santos because he filed the complaint and that the EEOC would not pursue Santos' complaint, because Boeing had connections with the EEOC.

(SAF 90). Boeing's only response to the above allegations is a denial that they are accurate. The accuracy of Santos' allegations must be evaluated by the trier of fact. We find that there are legitimately disputed facts regarding the retaliation claim and deny Boeing's motion for summary judgment on the retaliation claim.

III. Section 1981 Claims

Boeing seeks summary judgment on the Section 1983 claim. Section 1981 states as follows:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). For a Section 1981 claim a plaintiff must prove the existence of a contract. *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). However, an implied contract may suffice and the Seventh Circuit has acknowledged that a Section 1981 claim may be based on the existence of an at-will employment relationship. *Walker v. Abbott Laboratories*, 340 F.3d 471, 478 (7th Cir. 2003). The evidence indicating that Santos had an at-will employment relationship with Boeing will suffice in this regard. We need not address the remaining requirements for Santos because the analysis would be the same as that for the Title VII discrimination and retaliation claims. *See Williams v. Waste Management of*

12

*Illinois*, 361 F.3d 1021, 1028 (7th Cir. 2004)(stating that the court need not deal separately with "identical claims for race-based harassment, discrimination, and retaliation under Title VII and 42 U.S.C. § 1981" because Section 1981 claims are "Section 1981 claims are evaluated under the same rubric as Title VII claims. . . ."); *Cerutti v. BASF Corp.* 349 F.3d 1055, 1060-61 (7th Cir. 2003)(stating that *McDonnel Douglas* burden-shifting analysis applies to claims of employment discrimination brought under the ADEA, Title VII, and Section 1981.); *O'Neal v. City of New Albany*, 293 F.3d 998, 1003 (indicating that the *McDonnel Douglas* burden-shifting analysis is utilized for both Title VII claims and Section 1981 claims). For the reasons stated above, we grant Boeing's motion for summary judgment on the discrimination claim and deny the motion for summary judgment on the retaliation claim.

IV. Hostile Work Environment Claim

Boeing seeks summary judgment on the hostile work environment claim. Under Title VII an employer is prohibited from maintaining a workplace that is permeated with "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)(quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)). Factors considered in determining whether there is a hostile work

environment include: 1) the "frequency of discriminatory conduct," 2) "its severity," 3) whether conduct is "physically threatening or humiliating" or merely offensive, 4) whether conduct "unreasonably interferes with [the plaintiff's] work performance," and 5) the "social context in which events occurred." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 463 (7th Cir. 2002). An employer is "strictly liable for harassment inflicted by supervisors, subject to an affirmative defense when the harassment does not result in a tangible employment action." *Williams v. Waste Management of Illinois*, 361 F.3d 1021, 1029 (7th Cir. 2004). If a plaintiff contends that "coworkers alone were responsible for creating a hostile work environment, he must show that his employer has 'been negligent either in discovering or remedying the harassment.'" *Id.*

Considering all of the evidence presented by Santos regarding the statements of conduct by Richards, Komendat, and Delelio, we find that there is sufficient evidence of conduct that was severe and pervasive. Santos also makes allegations against Delelio regarding perceived physical threats to his safety. We find that there is sufficient evidence in support of a hostile work environment to warrant proceeding to trial. Even if we could separate the alleged harassment by Delelio from that of Santos' supervisors, Boeing makes no arguments concerning whether or not it was negligent in preventing the alleged harassment by Delelio. Therefore, we deny Boeing's motion for summary judgment on the hostile work environment claim.

V. Fair Labor Standards Act Claim

Boeing seeks summary judgment on the FLSA claim. Santos claims that Boeing failed to pay him overtime in accordance with the requirements of the FLSA. The FLSA states in part as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). An employer can only be liable for not paying overtime in accordance with the FLSA if the employer "knew, either actually or constructively, that [the plaintiff] was working overtime." *Cunningham v. Gibson Elec. Co., Inc.*, 43 F.Supp.2d 965, 975 (N.D. Ill. 1999). Boeing argues that Santos never informed Boeing of the alleged overtime and that Boeing cannot be held responsible for the hours if not informed of them. Santos contends that he was allowed to work overtime by his supervisors. Boeing acknowledges that supervisors may allow workers to work overtime. Santos claims that he frequently worked past his scheduled quit time to handle the last-minute outgoing packages from Boeing personnel. (SAF 124). Santos claims that he understood that he was required to work the overtime and complete the package assignment. Santos claims that Komendat would regularly see Santos working overtime and was thus aware of

Santos' overtime. (SAF 125). Komendat denies that he was aware that Santos had been working overtime. Thus, there is a legitimately disputed issue that must be resolved by the trier of fact and we deny Boeing's motion for summary judgment on the FLSA claim.

## VI. After-Acquired Evidence Doctrine

Boeing also seeks partial summary judgment on the issue of damages. Boeing argues that the amount of damages should be limited by the after-acquired evidence doctrine. The court in *McKennon* addressed the after-acquired evidence doctrine and held that if an employer "discovers information that would have otherwise disqualified the plaintiff from employment" and "would have led to her termination, but was not discovered until after she was fired and litigation ensued," the information cannot be a basis to defeat the plaintiff's discrimination claim. *O'Neal*, 293 F.3d at 1003-04. However, such "after-acquired evidence" is relevant in determining what remedies are available to the plaintiff. *Id.*; *see also Dvorak v. Mostardi Platt Associates, Inc.*, 289 F.3d 479, 485-86 (7th Cir. 2002)(stating that under the doctrine "after-acquired evidence may be considered in the determination of the proper remedy for an unlawful act, and typically, back pay may run only from the date of the unlawful discharge until the date the employer would have terminated the employee based on the later evidence.").

We need not address Boeing's arguments regarding the after-acquired

16

evidence doctrine, because Santos correctly points out that the doctrine is an affirmative defense and Boeing failed to plead the defense in its answer to the second amended complaint. *See Jones v. Board of Trustees of Community College Dist. No. 508*, 75 F.Supp.2d 885, 887 (N.D. Ill. 1999)(finding that the doctrine is an affirmative defense and that defendant " waived the after-acquired evidence defense by not raising it in the pleadings."). Boeing sought leave to amend its answer to Santos' second amended complaint, to include the affirmative defense, but only after discovery was completed and Boeing's summary judgment motion was briefed by Santos. It would be unfair to allow Boeing to thrust the defense into the action at this juncture, thereby depriving Santos of the ability to conduct discovery relating to the defense or address the merits of the defense in its brief. Also, even if Boeing had properly plead the defense, Bowing has not pointed to sufficient evidence to warrant a finding as a matter of law on the damages issue. Therefore, we deny Boeing's partial motion for summary judgment on damages.

## CONCLUSION

Based on the foregoing analysis, we grant Boeing's motion for summary judgment on the discrimination claims. We deny Boeing's motion for summary judgment on the retaliation claims, the hostile work environment claim, and the

FLSA claim. We also deny Boeing's motion for partial summary judgement on damages.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 1, 2004