# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL SANTOS,            )
                           )
         Plaintiff,        )
                           )
    v.                     )   No. 02 C 9310
                           )
THE BOEING COMPANY,        )
                           )
         Defendant.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant The Boeing Company's ("Boeing") motion for reconsideration of this court's ruling on September 1, 2004, granting in part and denying in part Boeing's motion for summary judgment. This matter is also before the court on the parties' motions in limine. For the reasons stated below, we deny the motion for reconsideration. We also deny all of Boeing's motions in limine without prejudice.

## BACKGROUND

Plaintiff Michael Santos ("Santos") worked for Boeing as a Mailroom Specialist in its Chicago, Illinois office between September 17, 2001, and October

1

21, 2002. Steve Richards ("Richards") was the direct supervisor for Santos and one of Santos' co-workers was Bob Delelio ("Delelio"). Santos alleges that Richards and Delelio made comments regarding his racial and national origin. Santos complained about the comments to Boeing supervisors and Santos claims that Boeing retaliated against Santos by demoting him from the lead mailroom position and taking away his office. Santos also claims that Boeing ultimately terminated him because of his race and national origin.

In addition, Santos claims that Boeing failed to protect its employees, including Santos, from the alleged fits of rage by Delelio at work. Santos claims that Delelio threw items across the mailroom, kicked furniture, and screamed and shouted at Santos and other co-workers. Santos claims that he informed Richards that he feared for his physical safety around Delelio, but Richards ignored Santos' complaints. In December of 2001, Santos complained about Delelio's alleged tantrums to Dave Komendat ("Komendat"), Boeing's Director of Security. Santos claims that Komendat assured Santos that he would investigate the matter, but that Boeing did not conduct any investigation. Around January 15, 2002, Santos once again reported Delelio's conduct after Delelio became enraged and began yelling at Santos. Santos claims that Delelio received a telephone call, apparently regarding Santos' complaint, and after Delelio hung up the telephone, he yelled at Santos and turned and allegedly grabbed for a box cutter. Santos claims that he feared that Delelio would use the knife to harm him and ran out of the mailroom.

2

Santos' second amended complaint contains a hostile work environment claim alleging violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count I), a race discrimination claim alleging violations of 42 U.S.C.§ 1981 ("Section 1981")(Count II), Title VII retaliation claims (Counts III, IX, and X), Section 1981 retaliation claims (Counts IV and V), a Fair Labor Standards Act ("FLSA") claim, 29 U.S.C.§ 201 *et seq.* (Count VI), a negligent retention claim (Count VII), and a Title VII race and national origin claim (Count VIII). On May 10, 2004, we granted Boeing's motion to dismiss the negligent retention claim (Count VII). Boeing filed a motion for summary judgment and on September 1, 2004, we granted Boeing's motion for summary judgment on the discrimination claims, denied Boeing's motion for summary judgment on the retaliation claims, the hostile work environment claim, and the FLSA claim. We also denied Boeing's motion for partial summary judgment on damages. Boeing has now filed a motion for reconsideration in regards to the September 1 rulings. The parties have also filed motions in limine.

## LEGAL STANDARD

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions cannot be used as a "vehicle to produce new evidence that could have been" produced earlier or as a vehicle to "rehash[]" the same arguments presented to the court on a

prior occasion. *Id.*

## DISCUSSION

I. Motion for Reconsideration

A. Improper Reliance on Rule 59(e)

Boeing's entire motion for reconsideration is improperly premised on Federal Rule of Civil Procedure 59(e). Rule 59(e) only applies when a party seeks the reconsideration of a ruling that was accompanied with a final judgment. *See* Fed. R. Civ. P. 59(e)(explaining that the section addresses a "motion to alter or amend a judgment"); *Crestview Village Apartments v. U.S. Dept. of Hous. and Urban Develop.*, 383 F.3d 552, 558 (7th Cir. 2004)(explaining that "[a]fter final judgment has been entered, a plaintiff may amend with leave of the court following a motion to set aside the judgment under Rule 59(e) or Rule 60(b)."); *U.S. v. Olsen*, 2001 WL 817854, at *2 (N.D. Ill. 2001)(explaining that the defendant was "correct that neither Rule 59(e) nor Rule 60(b) appl[ied] . . . because the ruling did not dispose of the entire case and the court did not enter a final judgment."). No final judgment has been entered against Boeing thus far in the instant action and thus Boeing's reference to Rule 59(e) is improper. The proper legal standard for a motion for reconsideration at the instant juncture is stated above.

4

B. Retaliation Claim

Boeing complains in its reply that Santos improperly argued in his answer "that his retaliation claim should remain an issue for trial." (Reply 1). Boeing contends that the retaliation claim is no longer at issue because "this Court found that Plaintiff's termination was based on a legitimate, non-discriminatory reason and that Plaintiff failed to show that the reasons given were a pretext." (Reply 1). The court, however, explicitly found the opposite to be true in its prior ruling in regards to the retaliation claim. In our prior ruling we specifically held that "unlike the Title VII discrimination claim, Santos has pointed to sufficient evidence for a reasonable trier of fact to find that the given reasons for employment actions taken by Boeing were a pretext for retaliation." (9/1/04 Ruling 11). We also stated very clearly: "We find that there are legitimately disputed facts regarding the retaliation claim and deny Boeing's motion for summary judgment on the retaliation claim." (9/1/04 Ruling 12).

Boeing also argues that this court improperly considered statements made by Gale Andrews ("Andrews") and Millie Weaver ("Weaver") because they were not decision-makers at Boeing. (Recon. 1-2). Boeing complains that in regards to the retaliation claim, this court cited *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1066 (7th Cir. 2003), for the premise that "a plaintiff cannot proceed under the direct method based on comments made long before the alleged adverse employment action or on

5

comments 'made by individuals who had no involvement or influence over the decision making process that led to' the plaintiff's termination." (Recon. 1-2). However, a review of our prior ruling shows that Boeing's reference to sentences by the court is out of context.

First of all the section of our prior ruling that Boeing is referring to and has cited is the section devoted to the Title VII discrimination claim rather than the retaliation claim. Secondly, as we indicated in our prior ruling, in order to defeat a motion for summary judgment on a Title VII claim a plaintiff can proceed under the direct *or* indirect method of proof. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003). In our prior ruling, in the section devoted to the retaliation claim, we found that Santos was able to establish a *prima facie* case under the indirect method of proof rather than the direct method of proof. (9/1/04 Ruling 11). We addressed for instance in that section of our ruling whether or not Santos was performing his job satisfactorily, which is part of a *prima facie* case under the indirect method of proof and we discussed the pretext issue. *Id.* Thus, Boeing's reference to *Cerutti v. BASF Corp.* is entirely misplaced as it refers specifically to the direct method of proof. 349 F.3d at 1066(following the above quote with the statement that the "comments cannot be used by the plaintiffs to support claims of race or national origin discrimination under the direct method."). Also, regardless, there was sufficient evidence to make a reasonable inference that Andrews' and Weaver's statements were indicative of Boeing's motivations when making the

6

pertinent decisions at issue.

Boeing also argues that this court should have considered the temporal gap between alleged misconduct and Santos' termination and that Santos has not met his burden of showing a "causal connection." (Recon. 2). However, Boeing again fails to recognize that we found that Santos was able to proceed under the indirect method of proof rather than the direct method of proof. No showing of a causal connection is required for the analysis under the indirect method of proof. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). At one time in the Seventh Circuit there was such a causal connection prong for the indirect method of proof for a retaliation claim, but those cases are no longer good law. *See Stone v. City of Indianapolis Public Utilities Div.*, 281 F.3d 640, 643 (7th Cir. 2002)(explaining that the causal link is no longer required under the indirect method). Boeing also cites *Oest v. Illinois Dept. of Corrections*, 240 F.3d 605 (7th Cir. 2001) and *E.E.O.C. v. Yellow Freight System, Inc.*, 253 F.3d 943 (7th Cir. 2001) in its arguments pertaining to the retaliation claim. (Recon. 2). However, both of the cases were decided prior to *Stone* which changed the indirect method of proof for retaliation claims.

### C. Hostile Work Environment Claim

Boeing argues that there is not sufficient evidence to support the hostile work environment claim. Boeing first argues that this court erred in denying summary judgment on the hostile work environment claim because this court "found that

7

Plaintiff had not established direct evidence of discrimination." (Recon. 2). Boeing cites page six of our prior ruling to support its position. On page six of our prior opinion, as is clearly indicated by our headings, and by our discussion in the text, we were addressing the direct method of proof for the Title VII discrimination claim. We specifically began addressing the hostile work environment claim on page thirteen of the memorandum opinion. In addition, the analysis for a hostile work environment claim is separate from a discrimination claim which utilizes the *McDonnell Douglas* burden shifting approach. *See Hilt-Dyson*, 282 F.3d at 462-63, 465(explaining the different analysis for a hostile work environment claim and a retaliation claim). We also note that Boeing contends that Santos did not establish "direct evidence" of retaliation. However, even under the direct evidence method circumstantial evidence may also be considered. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998).

Boeing next cites *Jackson v. Flint Ink North American Corp.*, 370 F.3d 791 (8th Cir. 2004) which is a case involving a hostile work environment claim and Boeing devotes a portion of its motion for reconsideration to explaining why the instant case is similar to *Jackson* and explaining why we should follow that case cited by Boeing and reconsider our prior ruling. As indicated above, motions for reconsideration are reserved for pointing out manifest errors of law. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. However, *Jackson* upon which Boeing places so much reliance on in its motion for reconsideration is not even

controlling precedent. The case is an Eight Circuit case that consists of nothing more than persuasive authority and, even according to Boeing, the case merely has similar facts.

Next Boeing complains that Delelio's conduct did not contribute to the hostile work environment. Boeing's arguments concerning the hostile work environment claim are based on Boeing's contention that the only alleged misconduct by Delelio was limited to "three comments with regard to Plaintiff's national origin." (Recon. 3). Boeing is mistaken. Boeing is not entitled to summary judgment simply because it refuses to acknowledge the existence of the opposing side's allegations of misconduct that create legitimately disputed issues. As we indicated in our prior ruling, Santos contends, among other things, that "Delelio threw items across the mailroom, kicked furniture, and screamed and shouted at Santos and other co-workers." (9/1/04 Ruling 2). Santos claims that he informed Richards and Dave Komendat about the tantrums, but that nothing was done to stop them. *Id.* Santos also alleges that in January of 2002, Santos "again reported Delelio's conduct after Delelio became enraged and began yelling at Santos" and that "after Delelio hung up the telephone, he yelled at Santos and turned and allegedly grabbed for a box cutter" at which time Santos ran out of the mailroom in fear for his safety. *Id.* Boeing acknowledged itself in its statement of material facts, that the allegations against Delelio consisted of more than three comments. *See e.g.* (SF 104-106). Santos also made his allegations clear in briefs such as his statement of additional facts. For

example, Santos contended that "Delelio often erupted in violent fits of rage in which he would scream, throw [sic] and make threats." (SAF 27). Thus, Boeing's arguments that rely on three isolated comments by Delelio are not consistent with the record in this case.

It was Boeing's burden as the movant to address the pertinent case law and to show that summary judgment was warranted on the hostile work environment claim. Boeing failed to even address whether or not the Delelio conduct should be considered as a contributing factor to the hostile work environment. Boeing also now argues that since this court dismissed the negligent retention claim that this issue was resolved. However, the negligent retention claim involved separate case law and the issues and findings regarding a negligent retention claim and those associated with a hostile work environment claim are not synonymous.

### D. After-Acquired Evidence Doctrine

Boeing also inserts a section at the end of its motion for reconsideration in which it asks for "clarification from the court with regard to its ruling on the after-acquired evidence doctrine." (Recon. 5). First of all, the proper procedural manner to present such an argument would be to file a motion for clarification rather than to append the argument to the end of a motion for reconsideration. However, in the interest of expediting these proceedings we shall address the arguments on the issue presented by Boeing.

In its motion for summary judgment, Boeing argued that the amount of damages should be limited by the after-acquired evidence doctrine. In our prior ruling we denied the partial motion for summary judgment on damages because the after-acquired evidence doctrine is an affirmative defense and Boeing failed to plead the defense in its answer to the second amended complaint. *See Jones v. Board of Trustees of Community College Dist. No. 508*, 75 F.Supp.2d 885, 887 (N.D. Ill. 1999)(finding that the doctrine is an affirmative defense and that defendant "waived the after-acquired evidence defense by not raising it in the pleadings."). Boeing attempted to amend its answer to Santos' second amended complaint, to include the affirmative defense, but only after discovery was completed and Boeing's summary judgment motion was briefed by Santos. We stated in our prior ruling that it would be unfair to allow Boeing to present the defense at the dispositive motion stage of the proceedings, thereby denying Santos the opportunity to conduct discovery relating to the defense. (9/1/04 Ruling 17). Boeing has filed a proposed amendment to its answer to the amended complaint and an amended answer to the amended complaint, but there is no pending motion for leave to file an amended answer.

Boeing now asks whether or not it can proceed at trial with this defense despite our prior ruling. Boeing first contends that "discovery has been conducted by Plaintiff on this issue." (Recon. 5). Boeing further acknowledges that the only discovery that is possibly related to the issue is one interrogatory posed by Santos that Boeing contends shows that Santos "clearly anticipated and acknowledged the

11

defense." (Recon. 5). Santos vehemently denies that it has been given the opportunity to conduct discovery on the issue and requests that if this court were to allow Boeing to proceed with the defense that discovery be re-opened. (Ans. 9).

Boeing also argues that any issue of discovery "can be fully remedied before trial." (Recon. 6). However, conducting further discovery at this late stage of the proceedings is not acceptable to the court and would not be fair to Santos. We have a duty to see that these proceedings proceed in an efficient and orderly manner and we must ensure that all of our cases proceed to a resolution. We will not reopen discovery and further delay this case and Boeing has not provided sufficient justification to reopen discovery at this late stage of the proceedings.

Also, we need not entertain Boeing's motion for clarification regarding the presentation of the after-acquired evidence defense at trial because Boeing has no pending motion for leave to amend its answer to the complaint, which is a necessary step to avoid waiver. We stated in our motion for summary judgment that Boeing would not be allowed to amend its answer to the complaint because of its untimely nature.

## II. Motions In Limine

The parties have each filed their motions in limine. Boeing's motions in limine are deficient for a variety of reasons. First of all, Boeing asserts in its in

limine brief that it has one "motion in limine." In actuality, Boeing refers in its in limine brief to twenty-two different motions in limine. Boeing argues that it has only one motion in limine because Boeing has combined all twenty-two motions in limine into one eight-page long run-on sentence. Santos, however, properly broke down each of its motions in limine and provided separate memorandums to explain the legal bases for his positions. Boeing's in limine requests consist of short portions of sentences laid out in the most conclusory fashion. Boeing fails to provide any detailed elaboration for any of its positions and for some of its requests, it fails to provide any explanation at all for its position. For example, in paragraph 13 of Boeing's "motion in limine" Boeing asks the court to bar "[a]ny reference to assertions made by Plaintiff in his letter to Kathleen Leaver of the Equal Employment Opportunity Commission of [sic] March 6/7, 2003, unless used for impeachment purposes." (D. Mot. In Lim. Par. 12). Boeing does not provide any further statement in regards to the request and fails to provide any reason for its contention that references to the letter should be barred.

Therefore, we deny all of Boeing's motions in limine without prejudice. We shall give Boeing until November 10, 2004, to refile its in limine motions. The answers to the motions will be due on November 17, 2004. If Boeing decides to file a motion in limine it must file a separate brief for each motion. Boeing must also provide a detailed legal basis for its position in regards to each motion in limine.

## CONCLUSION

Based on the foregoing analysis, we deny Boeing's motion for reconsideration and we deny Boeing's motions in limine without prejudice. Boeing is given until November 10, 2004, to file new motions in limine and the answers will be due by November 17, 2004. Also, we find it prudent to strike the pre-trial conference set for November 4, 2004, and reschedule it for November 22, 2004, at 10:30 a.m.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 4, 2004